UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EZEQUIEL VALENCIA-CRIOLLO,

v.                                              Case No.      8:01-cr-294-T-17MSS
                                                              8:06-cv-1816-T-17MSS

UNITED STATES OF AMERICA.

_____/

## ORDER

Defendant dated a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 September 28, 2006. He did not sign the motion, nor the accompanying memorandum, but filed both on October 3, 2006. (Doc. cv-1, 2; cr-442).

Motion To Vacate Is Time-Barred

A federal grand jury returned a two-count indictment charging Defendant with conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of sections 1903(a), (g), and (j) of the MDLEA, 46 U.S.C. app. section 1901-04; 21 U.S.C. section 841(b)(1)(A)(ii); and 18 U.S.C. section 2. Following a four-day trial, a jury convicted

Dockets.Justia.com

Defendant on both counts of the indictment.

Defendant appealed, and the United States Circuit Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence.  Defendant filed a petition for writ of certiorari that was denied by the United States Supreme Court on October 24, 2004.

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. A conviction becomes "final" when the Supreme Court has denied certiorari. United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997); United States v. Dorsey, 988 F.Supp. 917, 919 (D. Md. 1998) ("In this case, this means that Dorsey had

one year from October 7, 1996, -- the date on which the Supreme Court denied certiorari, in which to file his 2255 motion."). That date was October 24, 2004. See Garcia-Gonzales, et al.  v. United States of America, 543 U.S. 915 (2004). Defendant had until October 25, 2005 to file a timely motion to vacate. Defendant did not date the present motion to vacate until September 28, 2006.  Therefore, the 28 U.S.C. § 2255 motion to vacate is time-barred.

Although Defendant alleges, and attempts to support his allegations with letters, that he was diligent in his efforts to determine the outcome of the petition for writ of certiorari, Defendant's self-serving allegations do not present any exceptional circumstances for tolling the one-year limitations period.

Accordingly, the court orders:

That Valencia-Criollo's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-442)  is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Valencia-Criollo and to close the civil case.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,

' " <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED in Tampa, Florida, on October 5, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Joseph K. Ruddy

EZEQUIEL VALENCIA-CRIOLLO, pro se